UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARIAN DINEEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 16 C 7015 |
| v. ) | |
| ) | Magistrate Judge Mason |
| EARL OLIVER and DAKOTA ) | |
| LINES, INC., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

This case arises out of a car accident between plaintiff Marian Dineen and defendant Earl Oliver, who at the time was operating a tractor-tailor as an independent contractor for defendant Dakota Lines. Jurisdiction is proper under 28 U.S.C. § 1332 and 28 U.S.C § 636(c). Presently before the Court is defendants' motion for summary judgment. (Dkt. 49.) For the reasons set forth below, defendants' motion is denied.

### I. Background Facts[1]

On July 7, 2014, Oliver was driving a tractor-trailer on behalf of Dakota Lines from Chicago, Illinois to Jackson, Michigan. (Defs.' Statement of Facts ("SOF") ¶¶ 1-2.) Between 3:30 p.m. and 4:00 p.m., Oliver was traveling eastbound on Interstate 94 through Indiana and approached Mile Marker 19. (*Id.* ¶¶ 3-4.) On the date of the accident, the left eastbound lane of traffic near Mile Marker 19 was closed due to road construction. (*Id.* ¶ 6.) As Oliver neared Mile Marker 19, he observed traffic conditions to be moderate and was traveling approximately 45 miles per hour. (*Id.* ¶¶ 4-5.) Also at

---

[1] The following facts are taken from defendants' Local Rule 56.1 statement of facts. (Dkt. 50). Plaintiff did not dispute any of defendants' facts, and she did not submit a Local Rule 56.1 statement of additional facts.

1

that time, Oliver observed a Toyota Prius being operated by plaintiff Dineen traveling directly in front of him, with a "truck and a half" distance between the two vehicles. (*Id*. ¶¶ 7-9.) As Dineen neared Mile Marker 19, she was traveling in the right eastbound lane at approximately 40 miles per hour. (*Id.* ¶ 8.)

As the two vehicles approached Mile Marker 19, a third vehicle, operated by non-party Geit Nong Mar, was merging onto eastbound Interstate 94. (Defs.' SOF ¶¶ 10-11.) As Nong Mar merged in front of Dineen's vehicle, he decreased his vehicle's speed. (*Id*. ¶ 12.) Oliver observed this and decreased his speed as well, increasing the distance between his vehicle and Dineen's vehicle to between "one and a half to two truck lengths." (*Id*. ¶ 13, 16.) Nong Mar began to accelerate, but then came to a sudden, unexpected and immediate stop, which caused Dineen to also stop suddenly. (*Id*. ¶¶ 14-15.) Oliver did not observe anything in front of Nong Mar that would have caused him to stop so suddenly, and Dineen was unable to observe traffic in front of Nong Mar. (*Id*. ¶¶ 17-18.) In any event, Oliver was unable to stop his tractor-trailer after Nong Mar's sudden stop and he collided with the back of Dineen's vehicle. (*Id*. ¶ 19.)

In her Amended Complaint (Dkt. 42), Dineen alleges negligence by Oliver (and vicariously by Dakota) for following too closely, operating his vehicle too fast for conditions, and failing to keep a proper lookout for other vehicles. Plaintiff alleges that as a result of defendants' negligence, she suffered injuries to her head, neck, back, legs and spine, and was unable to attend to her usual occupation. She seeks damages for lost time at work, medical expenses and ongoing pain and suffering. In response, defendants denied all material allegations and pled the affirmative defenses of plaintiff's

failure to exercise reasonable care, phantom vehicle, plaintiff's sudden stop, Nong Mar's non-party liability, and sudden emergency. (Dkt. 41.)[2]

## II. Standard for Summary Judgment

Summary judgment should be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A factual dispute is 'genuine' only if a reasonable jury could find for either party." *Nichols v. Mich. City Plant Planning Dep't*, 755 F.3d 594, 599 (7th Cir. 2014) (citation omitted). At the summary judgment stage, the Court must construe all facts and draw all inferences in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

## III. Analysis

Defendants contend that the facts surrounding the accident are undisputed and they are entitled in judgment as a matter of law on plaintiff's claim for negligence. According to defendants, plaintiff cannot show that Oliver breached his duty of care given Nong Mar's unforeseeable and unexpected stop. Plaintiff opposes defendants' motion, arguing that the issues must be presented to the trier of fact. The Court agrees.

To prevail on a negligence claim under Indiana law, a plaintiff must show: (1) the defendant owed the plaintiff a duty of care; (2) the defendant breached that duty by failing to conform his conduct to the requisite standard of care; and (3) the breach was the proximate cause of the plaintiff's injuries.[3] *Flueckiger v. Englehardt*, 89 N.E.3d 1119, 1121 (Ind. Ct. App. 2017), *reh'g denied* (Feb. 12, 2018). The first element of duty is generally a question of law to be determined by the court. *Smith v. Walsh Constr. Co.*

---

[2] Defendants' Answer and Affirmative Defenses precede Plaintiff's Amended Complaint at Docket 42, but only because the Court ordered plaintiff to re-file her complaint so that it was fully legible.
[3] The Court has already ruled that Indiana substantive law should be applied here. (Dkt. 40.)

*II, LLC*, 95 N.E.3d 78, 84 (Ind. Ct. App. 2018). "The elements of breach and proximate cause, however, generally present questions of fact that must be determined by a factfinder." *Id*. As a result, "[s]ummary judgment is rarely appropriate in negligence cases." *Florio v. Tilley*, 875 N.E.2d 253, 255-56 (Ind. Ct. App. 2007); *see also Bryan v. Lyons*, No. 07-CV-344, 2010 WL 2265617, at *1 (N.D. Ind. June 2, 2010) ("A jury's unique competence in applying the 'reasonable man' standard is thought ordinarily to preclude summary judgment in negligence cases.") (quotation omitted).

Here, defendants seem to only half-heartedly argue that Oliver did not owe a duty to Dineen. This is likely because Indiana courts have made clear that "[a]ll operators of motor vehicles have a general duty to use ordinary care to avoid injuries to other motorists." *Wilkerson v. Harvey*, 814 N.E.2d 686, 693 (Ind. Ct. App. 2004); *see also Romero v. Brady*, 5 N.E.3d 1166, 1168 (Ind. Ct. App. 2014) ("[T]he duty owed by motorists to fellow motorists is well-established."). Given that general duty, the issue turns to the remaining elements of a negligence claim: breach and causation. *See Sandberg Trucking, Inc. v. Johnson*, 76 N.E.3d 178, 184 (Ind. Ct. App. 2017) ("Because of the existence of [defendant's] duty to his fellow motorists…, the focus shifts to whether a given set of facts constitutes a breach of that duty.") (citing *Romero*, 5 N.E.3d at 1169). As noted above, those elements often involve issues of fact best left to the jury to decide. *Smith*, 2018 WL 794801, at *4. While summary judgment can be entered in a negligence case when "only a single conclusion can be drawn from the facts", *Florio*, 875 N.E.2d at 256, this is simply not one of those cases.

Again, according to defendants, Nong Mar's sudden and unexplainable stop was not foreseeable, meaning judgment must be entered in their favor as a matter of law.

4

*See Flueckiger*, 89 N.E.3d at 1121 ("[W]here it is clear the injury was not foreseeable under the circumstances and that imposing liability upon the original negligent actor would not be justified, the determination of proximate cause may be made as a matter of law."). Relying on *Evans v. Palmeter*, 521 N.E.2d 316, 317 (Ind. 1988), defendants argue that although a "driver has a duty to watch the traffic ahead of him, he is not necessarily chargeable with negligence should he collide with a vehicle ahead of him if it should stop suddenly and unexpectedly without signaling." While defendants correctly cite the law, they ignore additional guidance from the *Evans* court indicating that "it was *within the province of the jury* to determine whether, under the circumstances," the driver could have anticipated a sudden stop. *Id.* (emphasis added.) Similarly, as plaintiff argues here, it will be for the finder of fact to decide whether Oliver's actions were reasonable under the circumstances of this case, including the fact that the accident took place in a construction zone during moderate traffic, that Oliver saw Nong Mar driving erratically before the sudden stop, and given the responding Officer's belief that the accident may have been caused by Oliver following too closely. (*See* Defs.' Mot. at Ex. D – Trooper Escutia Dep); *Romero*, 5 N.E.2d at 1170 (holding that an issue of fact remained as to whether defendant driver breached a duty to other motorist by failing to give himself adequate distance to stop in time to avoid collision). On this record, summary judgment is not appropriate.

## IV.    Conclusion

For the foregoing reasons, defendants' motion for summary judgment is denied. It is so ordered.

_____
**The Honorable Michael T. Mason
United States Magistrate Judge**

**DATED: May 14, 2018**