# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARIAN DINEEN, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) C.A. No. 1:16-cv-07015 |
| EARL OLIVER and DAKOTA LINES, INC., | ) ) ) ) |
| Defendants. | ) |

## DEFENDANTS' AMENDED MOTIONS *IN LIMINE*

NOW COME Defendants, **EARL OLIVER** and **DAKOTA LINES, INC.**, by their attorneys, **WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**, prior to the trial of this matter, and for their Motions *in limine*, state as follows:

### MOTION IN LIMINE NO. 1 – Liability Insurance

Defendants move this Court *in limine* for an Order precluding the introduction of any evidence or argument regarding, or reference of any kind to, the existence of liability insurance coverage for any defendant. *See Picket v. Kolb*, 237 N.E.2d 105, 107 (Ind. 1968). *Duke's GMC, Inc. v. Erskine*, 447 N.E.2d 1118, 1120 (Ind. Ct. App. 1983). Fed. R. Evid. 411 provides that "evidence that a person was or was not insured against liability is not admissible to prove whether the person acted negligently or otherwise wrongfully." When the issue of insurance is not related to any of the issues presented at trial, any reference thereto should be precluded as prejudicial to the insured party. *Adams Laboratories, Inc. v. Jacobs Engineering Co., Inc.*, 761 F.2d 1218, 1228 (7th Cir. 1985). In this case, whether or not insurance is available or covers any potential damages awarded at trial is not at issue. Thus, Plaintiff should be precluded from referencing or presenting evidence that Defendants are covered by insurance.

**MOTION IN LIMINE NO. 2 – Assets or Financial Condition of Defendants**

Defendants move this Court *in limine* for an Order precluding the introduction of any evidence or argument regarding, suggestive of, or reference of any kind to Defendants' assets or financial condition, since the same would only seek to prejudice the jury against Defendants. *See* Tanford, J.A., *The Limits of Closing Argument*, 1 Indiana Civil Litigation Review, No. 1, pg. 118 (explaining that it is improper to raise the relative financial condition of the parties) (*citing Ashbee v. Brock*, 510 So.2d 214 (Ala. 1987) and *Klein v. Herring*, 347 So.2d 681 (Fla. App. Ct. 1977)).

**MOTION IN LIMINE NO. 3 – Settlement Negotiations**

Defendants hereby move this Court *in limine* for an Order excluding all assertions by Plaintiff or argument by her counsel that the parties entered into any settlement negotiations with Plaintiff. Such evidence is not relevant to any issues in this case and does not constitute an admission on the part of these Defendants. Further, the law favors out of court negotiations and introduction of such evidence would be prejudicial to the party yielding certain matters in an effort effectuate a settlement. *See Bridges v. Metromedia Steakhouse Co., L.P.*, 807 N.E.2d 162, 166 (Ind. Ct. App. 2004); *Brademas v. Real Estate Dev. Co.*, 175 Ind. App. 239, 242, 370 N.E.2d 997, 999 (1977).

**MOTION IN LIMINE NO. 4 – Size of Defendants' Attorneys' Law Firm**

Defendants hereby move this Court *in limine* for an Order excluding all assertions by Plaintiff or argument by her counsel as to the size of Defendants' attorneys' law firm, including, but not limited to, the number of attorneys employed by their attorneys' law firm. These matters are not relevant, nor are they material to the any issue in this case. *See* Fed. R. Evid. 402; Fed. R. Evid. 403.

## MOTION IN LIMINE NO. 5 – Plaintiff's Financial Status, Comparisons, Condition, or Hardship

Defendants hereby move this Court *in limine* for an Order excluding all assertions by Plaintiff or argument by her counsel regarding the financial status of the parties, comparisons between and/or amongst the parties, or the financial condition and/or hardship of Plaintiff. Any information concerning financial condition of Plaintiff, including information relating to the ownership of Plaintiff's two small businesses and the Plaintiff's income as a nurse should not be allowed. *See Strack & Van Til, Inc. v. Carter*, 803 N.E.2d 666, 675 (Ind. Ct. App. 2004); *Barrow v. Talbott*, 417 N.E.2d 917, 924 (Ind. Ct. App. 1981). Any comparison between Plaintiff's alleged lack of income and the finances of Defendants is utterly irrelevant to the liability issues presented in this case. The prejudicial effect of evidence comparing the Plaintiff's financial situation to that of Defendants far outweighs any probative value of that evidence. As a result, any such testimony should be excluded from trial as overly prejudicial. *See* Fed. R. Evid. 403.

## MOTION IN LIMINE NO. 6 - Legal Terms and/or Perjorative Phrases

Defendants hereby move this Court *in limine* for an Order excluding all assertions by Plaintiff and/or any witness that any alleged act or omission of Defendants is "negligent." For example, s*ee Plaintiff's Amended Complaint, Count 12 and Count 13, attached hereto as Exhibit 1*; *Kelly v. Levandoski*, 825 N.E.2d 850 (Ind. Ct. App. 2005).

## MOTION IN LIMINE NO. 7 – Non Party Witnesses

Defendants hereby move this Court *in limine* for an Order excluding from the courtroom all non-party witnesses who are to testify at trial for either party, except for designated party representatives or a person whose presence a party demonstrates to be essential. *See Julian v. State*, 811 N.E.2d 392, 400 (Ind.Ct.App.2004); *Fourthman v. State*, 658 N.E.2d 88 (Ind. Ct. App. 1995), trans denied.

### MOTION IN LIMINE NO. 8 – Disclosure and Timing of Witnesses

Defendants hereby move this Court *in limine* for an Order requiring disclosure by both sides of the sequence of lay and opinion witnesses at least 48 hours in advance of the time of their testimony.

### MOTION IN LIMINE NO. 9 – Rule 26(a)(1) Disclosures

Defendants hereby move this Court *in limine* for an Order barring the testimony of any individuals that have not been timely disclosed by Plaintiff under Federal Rule of Civil Procedure 26(a)(1). Defendants also move to bar Plaintiff from providing testimony and/or other evidence at trial on subject matters and/or opinions and/or foundation(s)/support for opinions that were not timely disclosed under Rule 26. *See Storey v. Leonas*, 904 N.E.2d 229, 238 (Ind. Ct. App. 2009) (affirming trial court's decision to bar witness testimony where witnesses were only disclosed as discovery was closing and finding the late disclosure to be an ambush on defendant); *Beauchamp v. State*, 788 N.E.2d 881, 897 (Ind. Ct. App. 2003).

### MOTION IN LIMINE NO. 10 – Reference to Motions *In Limine*

Defendants hereby move this Court *in limine* for an Order excluding all assertions by Plaintiff or reference and/or argument by her counsel as to the filing of any motions *in limine* to suggest that the Defendants have moved to prohibit the introduction of evidence in any manner. Similarly, Defendants move this Court *in* limine for an Order excluding assertions by Plaintiff or reference and/or argument by her counsel as to any facts barred by this Court.

### MOTION IN LIMINE NO. 11 – Credibility of Witnesses

Defendants hereby move this Court *in limine* for an Order barring Plaintiff, or her counsel, from proving any statements, reference, comments, or arguments expressing their personal belief or vouching for the credibility of any witness. It is well established that comments by a party or

4

her attorney expressing their personal belief or vouching for the credibility of a witness are improper and should be prohibited. As the Seventh Circuit has note, vouching for the credibility of witnesses is "impermissible." *United States v. Wolfe*, 701 F.3d 1206, 1212 (7th Cir. 2012). Accordingly, any statements, reference, comments, or arguments by Plaintiff or her counsel expressing their personal belief or vouching for the credibility of any witness should be excluded.

## MOTION IN LIMINE NO. 12 – Comparing Defendants to Other Transportation Companies

Defendants hereby move this Court *in limine* for an Order excluding all assertions by Plaintiff, and perjorative statements, reference, comments, or arguments by her counsel about comparing Dakota Lines, Inc. to other trucking and/or transportation companies.

Respectfully submitted,

WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP

By: */s/ Robert Campobasso*
*Attorneys for Defendants Earl Oliver and Dakota Lines, Inc.*

Kathleen McDonough - ARDC No. 6229813
Robert Campobasso - ARDC No. 6296026
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP
55 W. Monroe Street, Suite 3800
Chicago, IL 60603
Telephone: (312) 704-0550 | Facsimile: (312) 704-1522
kathleen.mcdonough@wilsonelser.com
robert.campobasso@wilsonelser.com

5

2720797v.1

## **CERTIFICATE OF SERVICE**

  The undersigned attorney hereby certifies that on June 27, 2019, he caused the foregoing to be filed with the court by electronic filing protocols using the CM/ECF system, and that a copy of the same will therefore be electronically served upon all attorneys of record registered with the court's CM/ECF system.

                 By: */s/ Robert Campobasso*